UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN, CDCR #BK-5881,<br><br>                            Plaintiff,<br><br>     vs.<br><br>J. BARRIENTOS; MUNOZ; C. TAYLOR; CORTEZ; C. MOORE,<br><br>                           Defendant. | Case No.: 3:21-cv-0818-CAB-WVG<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND**<br><br>**(2)  DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

Justin Salmen ("Plaintiff"), an inmate currently incarcerated at Richard J. Donovan Correctional Facility ("RJD"), has filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)   Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

**I.      Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. (ECF No. 4.) Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Factual Allegations

Plaintiff alleges that on February 24, 2020, Defendants Barrientos and Munoz "destroyed and gave [his] personal property to an inmate of their race (Hispanic) to create prison violence." (Compl. at 4.) Plaintiff claims "their plan worked creating an attempt on [his] life and a fight on [February 26, 2020] over [his] personal property." (*Id.*) Plaintiff alleges that Barrientos and Munoz gave another inmate access to his cell while he was "talking to mental health staff." (*Id.*) As a result, Plaintiff was "forced to fight for [his] family letters and court documents." (*Id.*)

On February 26, 2020, Plaintiff claims Defendants Taylor and Cortez "conspired to file false reports" that indicated Plaintiff was the attacker in the fight that occurred in his cell. (*Id.* at 5.) However, Plaintiff maintains that he was actually the victim in the altercation. (*See id.*)

Defendant Moore conducted a disciplinary hearing on March 26, 2020 and Plaintiff alleges that his due process rights were denied during this hearing. (*See id.* at 6.) Plaintiff claims he was "wrongfully convicted" and lost good time credits as well as privileges. (*Id.*)

Plaintiff seeks $2,000,000 in compensatory damages and $100,000 in punitive damages from each Defendant. (*See id.* at 8.) Plaintiff also seeks injunctive relief in the form of "revers[ing] and remov[ing]" the disciplinary conviction from his file. (*Id.*)

### C. Fourteenth Amendment due process claims

Plaintiff alleges Defendants Taylor and Cortez wrote false reports that resulted in his disciplinary hearing. Plaintiff further alleges Defendant Moore refused to allow him to present witnesses at this hearing and as a result, he was convicted of the disciplinary charges and lost good time credits, as well as privileges. (*See* Compl. at 5-6.)

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Here, Plaintiff's due process claims require *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, *i.e.*, lost good time credits and privileges, *see* Compl. at 6, imposed the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to *Wolff's* procedural protections.

These lost privileges do not constitute "atypical and significant" hardships. *See Sandin,* 515 U.S. at 484; *see also Sanchez v. Miller*, 2016 WL 536890, at *5 (S.D. Cal. 2016) ("C-status deprivations were limited in duration and type, and these limited deprivations do not constitute a hardship that is atypical and significant 'in relation to the ordinary incidents of prison life.'"), *report and recommendation adopted,* 2016 WL 524438 (S.D. Cal. 2016); *Randle v. Melendrez*, 2017 WL 1197864, at *4 (C.D. Cal. 2017) (finding "four months in administrative segregation as a result of the false RVR," during which plaintiff was deprived of contact visits, "packages, canteen, unrestricted yard, phone calls and personal property" insufficient to implicate a protected liberty

interest under *Sandin*), *report and recommendation adopted*, 2017 WL 1199719 (C.D. Cal. 2017); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status"); *Wyatt v. Swearingen*, 2010 WL 135322, at *8-9 (N.D. Cal. 2010) (no liberty interest in prisoner's year-long C-status placement); *Washington v. Cal. Dep't of Corrs. & Rehab*., 2010 WL 729935, at *1 (E.D. Cal. 2010) (no liberty interest in delayed release from C-status); *see also Steffey v. Orman*, 461 F.3d 1218 (10th Cir. 2006) (restriction on inmates' ability to receive money from outside sources was not an "atypical or significant hardship" under *Sandin*).

For these reasons, the Court finds Plaintiff has failed to state a plausible due process claim as to any named Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Watison,* 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

D. <u>Heck Bar</u>

To the extent that Plaintiff seeks money damages arising from alleged Eighth Amendment violations that led to his disciplinary conviction, his claims as currently alleged present a procedural bar.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under ... 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id*. (internal citation omitted). A prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016) (en banc), *cert. denied*, 137 S. Ct. 645 (2017); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003).

In *Heck v. Humphrey*, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87. Accordingly, "a

state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). *Heck* requires the plaintiff in a § 1983 action "first … to prove that his conviction had been invalidated in some way." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (citing *Heck*, 512 U.S. at 486). "This favorable-termination requirement, the Court explained, applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." *Id.* (quoting *Heck*, 512 U.S. at 487).

*Heck*'s bar applies in the prison disciplinary context if the "defect complained of by [Plaintiff] would, if established, necessarily imply the invalidity of the deprivation of [his] good-time credits[,]" *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002), and if the restoration of those credits "necessarily" would "affect the duration of time to be served." *Muhammed*, 540 U.S. at 754; *see also Nettles*, 830 F.3d at 929 n.4 ("*Heck* applies only to administrative determinations that 'necessarily' have an effect on 'the duration of time to be served.' " (citations omitted)); *Ramirez*, 334 F.3d at 856 ("[T]he applicability of [*Heck*'s] favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement.").

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction and his subsequent credit loss. *See Edwards*, 520 U.S. at 648 (finding prisoner's claims for declaratory relief and money damages "based on allegations of deceit and bias on the part of the decisionmaker … necessarily imply the invalidity of the punishment imposed, [and are] not cognizable under § 1983.").

Therefore, the Court must dismiss Plaintiff's Eighth and Fourteenth Amendment claims because he failed to allege that his disciplinary conviction has already been

"reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

### III.   Conclusion

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b); and

5. **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted, if he can. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim

upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 11, 2021

Hon. Cathy Ann Bencivengo
United States District Judge