UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br>CDCR #BK-5881,<br><br>         Plaintiff,<br><br>vs.<br><br>J. BARRIENTOS; MUNOZ; C. TAYLOR; CORTEZ; C. MOORE,<br><br>         Defendant. | Case No.: 3:21-cv-0818-CAB-WVG<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

  Plaintiff Justin Salmen ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility, is proceeding pro se and *in forma pauperis* ("IFP") in this action brought pursuant to 42 U.S.C. § 1983 (*See* ECF No. 1, Compl. at 1.)

  The Court previously granted Plaintiff's Motion to Proceed IFP and dismissed Plaintiff's initial Complaint (ECF No. 1) for failure to state claim pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b) and granted Plaintiff leave to amend. (*See* ECF No. 5, at 9-10.) Plaintiff timely submitted a First Amended Complaint. (*See generally* ECF No. 6, FAC.)

# I. Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)

## A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his First Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff alleges that on February 24, 2020, Defendants Correctional Officers Barrientos and Munoz "destroyed and gave select items" of his personal property to a "Hispanic prison inmate in a Hispanic allegiance so [Plaintiff] would be assaulted." (FAC at 3.) When Plaintiff "tried to get the officers to give [him] his property back, the inmate they gave it to swung a prison shank at [his] neck." (*Id.*)

This inmate told Plaintiff that Munoz threw his paperwork in the trash and Barrientos gave this inmate Plaintiff's CD player. (*See id.*) Plaintiff claims he was assaulted by this inmate on February 26, 2020 and contends this inmate was incited by Barrientos and Munoz. (*See id.*)

Plaintiff seeks $3,000,000 in compensatory damages and $250,000 in punitive damages. (*See id.* at 7.) Plaintiff also requests that the "Attorney General come to address this case" and Plaintiff wants to "speak with the FBI." (*Id.*)

### C. Eighth Amendment claims

Plaintiff alleges Defendants knew that they were inciting violence when they purportedly gave Plaintiff's personal property to another inmate. (*See* FAC at 3.)

The Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) ("[P]rison officials have a duty [under the Eighth Amendment] ... to protect prisoners from violence at the hands of other prisoners."); *see also Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. "In *Wilson v. Seiter*, [the Supreme Court] rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions." *Id.* at

838 (citing *Wilson*, 501 U.S. 294, 299-302 (1991)).

Therefore, a prison official's failure to protect an inmate violates the Eighth Amendment only when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834).

To satisfy the first objective pleading requirement, the prisoner must allege sufficient factual content to plausibly "'show[ ] that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Lemire*, 726 F.3d at 1075 (quoting *Farmer*, 511 U.S. at 834); *see also Disability Rights Montana, Inc. v. Batista*, 930 F.3d 1090, 1097 (9th Cir. July 19, 2019). To satisfy the second subjective pleading requirement, he must also "plead factual content" to show that each defendant was aware of facts from which the inference could be drawn that a substantial risk of harm existed, and that each also drew and disregarded that inference. *Iqbal*, 556 U.S at 678; *Farmer*, 511 U.S. at 837.

As currently pleaded, however, Plaintiff's FAC fails to allege any specific facts that would show that any of the named Defendants were aware of a risk to his safety. Instead, Plaintiff speculates that Defendants supposedly giving his personal property to another inmate would lead to this inmate assaulting Plaintiff. (*See* FAC at 4.) However, these factual allegations are far from sufficient to show that any of the named Defendants acted with deliberate indifference to a serious risk to his safety. *Farmer*, 511 U.S. at 834. Plaintiff does not allege any facts to plausibly show that Defendants knew of and disregarded any known or obvious excessive risk to his safety, or failed to take reasonable steps to abate such a risk. *Farmer*, 511 at 837. In order to state a claim, Plaintiff allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and must also provide allegations that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations fall far short to find that Plaintiff has stated a plausible Eighth Amendment claim.

For these reasons, Plaintiff's Eighth Amendment claims as alleged against Defendants are subject to *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

D. Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and 28 U.S.C. Section 1915A(b)(1);

2) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: June 3, 2021

Hon. Cathy Ann Bencivengo
United States District Judge